IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

WALTER L. JOHNSON                                                        PETITIONER
Reg #14967-032

v.                          Case No. 2:18-cv-00180 JTK

DEWAYNE HENDRIX, *Warden*,
FCI-Forrest City, et. al                                                 RESPONDENT

## MEMORANDUM AND ORDER

This matter is before the undersigned United States Magistrate Judge of the District Court on the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 by federal prisoner Walter L. Johnson. (Docket Entry # 1) Petitioner consented to the jurisdiction of this Court on May 20, 2019. (Docket Entry #8) For the reasons discussed below, this case is dismissed.

**I. Background**

Johnson is presently incarcerated at the Federal Correctional Complex in Forrest City, Arkansas. He pleaded guilty in the United States District Court, Eastern District of Kentucky—Northern Division, to possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c). (Docket Entry #7-1) The Court sentenced him to 204 months in the Bureau of Prisons. *Id.* This was an enhanced sentenced under the Armed Career Criminal Act (ACCA) because of prior Kentucky convictions for second degree robbery and second degree assault. (Docket Entry #7-2)

In 2016, Johnson filed in the sentencing court a notice of appeal based on *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015), that the court construed as a motion to vacate, set

aside or correct pursuant to 28 U.S.C. § 2255.[1] (Docket Entry #7-3) The sentencing court held *Johnson* did not apply, and it denied the motion. (Docket Entry #7-4) Johnson filed a second § 2255 motion, citing *Dean v. United States*, 556 U.S. 568 (2009), and he argued he should be resentenced.[2] The magistrate judge recommended the motion be transferred to the Sixth Circuit Court of Appeals for permission to file a second or successive section 2255 motion. The district judge adopted that recommendation and transferred the matter to the Sixth Circuit. (Docket Entries #7-5 and #7-6) The Sixth Circuit Court of Appeals dismissed the motion for lack of prosecution. (Docket Entry #7-7) Subsequently, Johnson filed a third § 2255 motion in the sentencing court, arguing he should be resentenced pursuant to *Sessions v. Dimaya*, 138 S. Ct. 1204 (April 17, 2018).[3] The Sixth Circuit Court of Appeals denied authorization to file, determining *Sessions* did not apply to Petitioner's case. (Docket Entry #7-7) He then filed the instant § 2241 petition in this Court.

## II. Discussion

Petitioner argues that his robbery and assault convictions do not qualify as crimes of violence under *Johnson*, and therefore, his sentence enhancement under the ACCA is illegal. This is the same claim Petitioner has raised in his section 2255 motions brought before the sentencing

---

[1] In *Johnson*, the United States Supreme Court held that the definition of "violent felony" in the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague.

[2] In *Dean*, the United States Supreme Court upheld that 18 U.S.C. § 924(c)(1)(A)(iii) does not require an intent requirement to enhance a convicted person's sentence. The Court upheld a ten-year mandatory minimum sentence for the accidental discharge of a firearm during an armed robbery.

[3] *Dimaya* held that the definition of "crime of violence" in the residual clause of 18 U.S.C. § 16(b) was unconstitutionally vague.

court and the Sixth Circuit Court of Appeals. The petition includes a myriad of other claims related to the underlying conviction, including the validity of the search of his home, which he claims ultimately led to the death of his wife; the basis for the indictment; the "bogus" arrest warrant; the quantity of drugs in his possession; and the failure of his counsel to raise and pursue a mental capacity defense and racial discrimination. (Docket Entry #1) All of these claims could have been raised on appeal or in a § 2255 motion.

A challenge to the lawfulness of a federal conviction and sentence generally must be made in the sentencing court through a 28 U.S.C. § 2255 motion to vacate, set aside or correct. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), *cert. denied*, 545 U.S. 1147 (2005); *see* § 2255 (a federal prisoner "may move the court which imposed the sentence" to vacate, set aside or correct the sentence). Because a § 2255 motion attacks the validity of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court that convicted and sentenced him. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986).

A limited exception to this rule is found in the "savings clause" of § 2255(e), which permits a federal court in the district of incarceration to entertain a § 2241 habeas corpus petition challenging the validity of a conviction or sentence only if the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "is inadequate or ineffective to test the legality of . . . [his] detention." *DeSimone*, 805 F.2d at 323 (quoting § 2255). The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir 2010).

The Eighth Circuit Court of Appeals has specifically held that a § 2241 petition in the district of incarceration cannot be used to raise an issue which could have been, or actually was, raised in a direct appeal or a § 2255 motion in the sentencing district. *Id.*; *see also Nichols v. Symmes*, 553 F.3d 647, 650 (8th Cir. 2009); *Hill v. Morrison*, 349 F.3d 1089, 1092 (8th Cir. 2003). Moreover, just because procedural barriers prevent a petitioner from pursuing § 2255 relief does not render that remedy "inadequate or ineffective" under the savings clause. *Lopez-Lopez*, 590 F.3d at 907.

Johnson's claims in this § 2241 petition clearly challenge the validity of his conviction and sentence, which falls squarely as a challenge appropriately brought in a § 2255 motion before the sentencing court. The fact that he did not obtain the result he wanted and failed to present his other claims before the sentencing court did not render the § 2255 remedy inadequate or ineffective to justify a § 2241 petition in this Court. *Hill v. Morrison*, 349 F.3d at 1091. Therefore, this Court lacks subject matter jurisdiction to consider Johnson's challenges to his conviction and sentence imposed by the United States District Court for the Eastern District of Kentucky—Northern District, and this § 2241 habeas action is dismissed and the relief sought is denied.

### III. Conclusion

The 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, Docket Entry #1, is denied and the case is dismissed, without prejudice.

SO ORDERED this 3rd day of June, 2019.

_____
UNITED STATES MAGISTRATE JUDGE